# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIGUEZ, JAIME GARCIA, and PEDRO CARPIO,<br><br>                       **Plaintiffs,**<br>   v.<br><br>HOVENSA, L.L.C.,<br><br>                       **Defendant.** | 2002-CV-0169 |

**TO:**   Lee J. Rohn, Esq.
       Onik'a Gilliam, Esq. -- Fax 774-7300

### ORDER STRIKING PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO PROPERLY APPEAR FOR DEPOSITION

THIS MATTER came before the Court upon Plaintiff's Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition (Docket No. 236). Defendant filed an opposition to said motion, and Plaintiffs filed a reply thereto.

Although not forthrightly stated within said motion, Plaintiffs' said motion ostensibly seeks sanctions pursuant to Fed. R. Civ. P. 37, as Plaintiffs state, "If the corporation provides witnesses who cannot answer questions listed in the notice of the deposition, then the corporation . . . is subject to the same sanctions as those allowed for

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Striking Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition
Page 2

the failure to appear at a deposition . . . . Thus, the sanctions are the same as allowed under Rule 37 defendant [sic]." Motion at 2 (citations omitted).[1]

While the amendments to Local Rule of Civil Procedure 37 still are relatively new, all members of the bar are required to know and adhere to the procedures detailed therein. LRCi 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRCi 37.1. As the instant motion is brought pursuant to Fed. R. Civ. P. 37 and involves a discovery dispute, it falls within the purview of LRCi 37. Subparagraph 37.2 continues, "If counsel are unable to settle their differences, they shall formulate a written stipulation." LRCi 37.2. Moreover, the "stipulation must be set forth in one document signed by both counsel." LRCi 37.2(a). In the present matter, as already noted by the Court, Plaintiffs filed a motion, not a joint stipulation, to which Defendant filed a separate opposition, and Plaintiffs thereafter filed a Reply.

Inasmuch as a stipulation was not filed, Local Rule of Civil Procedure 37 allows such an occurrence only when counsel for the moving party establishes that

---

[1] Fed. R. Civ. P. 37(d) provides for sanctions due to "failure of party to attend at own deposition . . . ."

opposing counsel

    (1)    failed to confer in a timely manner in accordance with L.R. 37.1;

    (2)    failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37.2(b); or

    (3)    refused to sign and return the joint stipulation after the opposing party's portion was added.

LRCi 37.2(d). Such a declaration from counsel for Plaintiffs is completely absent from the instant motion. In fact, Plaintiffs state in their Reply,

> On June 12, 2007, an extensive meet and confer was conducted and the parties could not agree on the issues; this was confirmed in writing. On June 13, 2007, Defendant sent a supplemental letter as to issues discussed in the meet and confer, again magnifying the fact that the parties could not agree. As a result, the Plaintiff filed the Motion for Sanctions for Failing to Appear for Deposition

Reply at 2-3. LRCi 37.2(d) specifically provides, "The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing" the above-quoted recalcitrance of opposing counsel.

Thus, in the absence of a joint stipulation and a declaration from counsel for Plaintiffs establishing the failure of opposing counsel to meet and confer, timely provide its portion of the joint stipulation, or refusal to sign the joint stipulation, this Court will not consider Plaintiffs' said motion and will strike same.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Striking Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition
Page 4

Accordingly, it is hereby **ORDERED** Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition (Docket No. 236) is **STRICKEN as procedurally deficient**.

ENTER:

Dated: August 10, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE