# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIGUEZ, JAIME GARCIA, and PEDRO CARPIO,<br><br>                     **Plaintiffs,**<br>  v.<br><br>HOVENSA, L.L.C.,<br><br>                     **Defendant.** | 2002-CV-0169 |

TO:   Lee J. Rohn, Esq.
        Onik'a Gilliam, Esq. -- Fax 774-7300

## ORDER REGARDING DEFENDANT'S MOTION TO DISQUALIFY

THIS MATTER came before the Court upon Defendant's Motion to Disqualify (Docket No. 272). Defendant filed an opposition to said motion, and Plaintiffs filed a reply thereto. A hearing was held upon said motion on October 30, 2007. Lee J. Rohn, Esq., K. Glenda Cameron, Esq., and Mary Faith Carpenter, Esq., represented Plaintiffs. Jim Warren, Esq., and Richard Farrelly, Esq., appeared on behalf of Defendant.[1]

---

[1] At the hearing, counsel for Plaintiffs made an oral motion to dismiss the said motion based upon Defendant's failure to present sufficient evidence to carry their burden. The Court finds that the evidence supplied by the exhibits and Plaintiffs' witnesses is sufficient to hear the motion to diqualify and denies Plaintiffs' oral motion to dismiss.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 2

Defendant moves for the disqualification of Plaintiffs' counsel based upon said counsel's alleged violation of Model Rules of Professional Conduct Rule 4.2. Defendant argues that counsel's contact with Cecil Hodge, a Utilities Shift Supervisor employed by Defendant, violated the "no-contact" rule contained in MRPC 4.2. Counsel for Plaintiffs does not dispute contacting Mr. Hodge. Said counsel maintains that said rule does not prohibit contact with every employee of Defendant and that Mr. Hodge is an employee who does not come within the scope of Model Rule 4.2.

## DISCUSSION

It is well established that

> [a] motion to disqualify a party's counsel requires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *McKenzie Constr. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859 (D. Vi. 1997). "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Id.* (citing *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

Defendant's motion is based upon the American Bar Association's Model Rules of Professional Conduct Rule 4.2.[2] The rule provides,

---

[2] The Model Rules have been adopted as the standard of attorney conduct in this jurisdiction by Super. Ct. R. 303(a) and (e)(2) and LRCI 83.1. *See, e.g., Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *3

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 3

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

MRPC 4.2. The United States Court of Appeals for the Third Circuit recently recognized that

> "[t]he rationale behind Rule 4.2 is 'to prevent . . . a represented party . . . [from] be[ing] taken advantage of by adverse counsel; the presence of the party's attorney theoretically neutralizes the contact.'" *Inorganic Coatings, Inc. v. Falberg,* 926 F. Supp. 517, 519 (E.D. Pa. 1995) (quoting *Univ. Patents, Inc. v. Kligman,* 737 F. Supp. 325, 327 (E.D. Pa. 1990)) (alterations in original); *see also Carter-Herman v. City of Phila.,* 897 F. Supp. 899, 901 (E.D. Pa. 1995) ("The purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the efficacy and sanctity of the lawyer-client relationship.").

*EEOC v. Hora*, 2007 WL 1875834 (3d Cir. June 29, 2007).[3]

Defendant in this matter is a corporation, not an individual. As comment 7 to the rule explains:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

---

(D.V.I. October 14, 2005).

[3] The Pennsylvania Rule of Professional Conduct 4.2 is worded exactly as MRPC 4.2.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 4

MRPC 4.2, cmt. 7.

Defendant argues that Mr. Hodge comes within the scope of Rule 4.2 because his statements "may be imputed to the organization for purposes of civil liability." Motion at 3. In support of its argument, Defendant stresses that Hodge's "'statements could be used as admissions against the organization, presumably pursuant to Federal Rule of Evidence 801(d)(2)(D).'" Reply at 11 (quoting *Hora*, 2007 WL 1875834 at *2). However, that particular language no longer appears in the comment to Rule 4.2. Comment 7 was amended in 2002

> to remove the prohibition on communications with anyone "whose statements may constitute and admission on behalf of the organization" because that prohibition was "broad and potentially open-ended" and "had been read to prohibit communication with anyone whose testimony would be admissible against the organization as an exception to the hearsay rule." *See* AM. BAR ASS'N, ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT 4.2 (5th ed. 2003). As an example of such an overly broad interpretation of Rule 4.2, the ABA cited *Weeks v. Independent School District No. I-89*, 230 F. 3d 1201 (10th Cir. 2000), which interpreted Rule 4.2 to prohibit ex parte communications with any employee who could bind the organization "in a legal evidentiary sense." *Id*. at 1208-09.

*Paris v. Union Pacific R. Co.*, 450 F. Supp. 2d 913 (E.D. Ark. 2006). Defendant asks this Court to apply the *Weeks* interpretation. As the *Paris* court observes, "the ABA amended the commentary to Rule 4.2 to avoid that interpretation."[4] Consequently, the Court will not

---

[4]Despite the fact that the Third Circuit in *Hora* briefly refers to *Weeks* and statements that could be deemed admissions, the *Hora* court ultimately found that Rule 4.2 did not apply to the facts in that case

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 5

consider whether the statements by Cecil Hodge could be used as admissions against Defendant.

The Court finds that Defendant has failed to demonstrate that Mr. Hodge performed any acts or omission that might be imputed to Defendant for purposes of liability in connection with this matter. Moreover, Plaintiff presented testimony that employees in the same or similar position as the one occupied by Cecil Hodge (the employee Defendant asserts was improperly contacted) do not supervise, direct or regularly consult with Defendant's lawyer concerning this matter. Defendant did not counter or contradict such testimony.

Thus, the Court must determine only whether Mr. Hodge has authority to obligate the organization with respect to the matter. While the Court finds that Mr. Hodge has some supervisory duties and responsibilities, it is not clear from the record that he has authority to obligate the organization. In the absence of such evidence, the Court finds that Mr. Hodge does not fall within the reach of Rule 4.2.

---

because the defendants "did not rely on Rule 4.2 in their motion to disqualify Barnett because they conceded that Richardson had no managerial authority in the company." *Hora*, 2007 WL 1875834 at *2 (footnote omitted).

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 6

It is important to note that even if the Court had found a violation of Rule 4.2, such violation would not have entitled Defendant to the disqualification of Plaintiffs' counsel.

Disqualification

> should only be exercised after determining, on the facts of the particular case, "that disqualification is an appropriate means of enforcing the applicable disciplinary rule" which meets "the ends that the disciplinary rule is designed to serve." *United States v.. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980). . . . "The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible." *Inorganic Coatings Inc. v. Galberg,* 926 F. Supp. 517, 518-19 (E.D. Pa. 1995) (quoting *Cohen v. Oasin,* 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (citations omitted)).

*Lennen v. John Eppler Machine Works, Inc.*, No. Civ. A. 97-2830, 1997 WL 566078 at *2 (E.D. Pa. September 5, 1997). In *Lennen*, the court found that the plaintiff's counsel made *ex parte* contact with an officer of the defendant, which clearly violated Rule 4.2. However, the *Lennen* court also found that such violation did not warrant disqualification; rather, it imposed the lesser sanction of precluding the use of any evidence obtained during the *ex parte* contact at trial. *Id*. at *1. Similarly, in the matter at bar, even if the Court had found that counsel had violated Rule 4.2 a lesser sanction would have been sufficient to address such violation.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Disqualify (Docket No. 272) is **DENIED**.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Defendant's Motion to Disqualify
Page 7

ENTER:

Dated: November 9, 2007                                    /s/
                                                  GEORGE W. CANNON, JR.
                                                  U.S. MAGISTRATE JUDGE