# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIQUEZ, JAMIE GARCIA and PEDRO CARPIO,<br><br>        Plaintiffs<br><br>        v.<br><br>HOVENSA, L.L.C.,<br><br>        Defendants. | CIVIL NO. 02-0169 |

## MEMORANDUM OPINION

Finch, J.

      THIS MATTER comes before the Court on Defendant Hovensa, L.L.C.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. Hovensa contends that Plaintiffs Juan Morales and Pedro Carpio are nondiverse and that, therefore, this matter should be dismissed for lack of diversity jurisdiction under 28 U.S.C. § 1332.

      Plaintiffs Morales and Carpio concede that they are nondiverse, but seek severance pursuant to Rule 21 of the Federal Rules of Civil Procedure and remand to the Superior Court. Hovensa replies that the case should be dismissed in its entirety on equitable grounds because Plaintiffs Morales and Carpio knowingly and intentionally misstated their citizenships in the Third Amended Complaint and that remand is no longer appropriate because Plaintiffs submitted to this Court's jurisdiction by alleging diversity in their Third Amended Complaint.

      The Court has discretion to dismiss an action against nondiverse, dispensable parties

pursuant to Rule 21 so that the action may otherwise continue.[1]  Bhatla v. United States Capital Corp., 990 F.2d 780, 786 (3d Cir. 1993).  Such a course of action is appropriate, "particularly when requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 836 (1989).

Even if Plaintiffs Morales and Carpio deliberately misstated their domiciles, there is no indication that Plaintiffs Juan Mendez, Rene Vargas, Frank Ortiz, Reynaldo Rodriquez, or Jamie Garcia were aware of such erroneous allegations.  To dismiss the cases of these other diverse Plaintiffs, rather than to sever the nondiverse Plaintiffs, Morales and Carpio, would work an injustice.  Therefore, the Court will sever rather than dismiss the entire action for lack of subject matter jurisdiction.

Remand is no longer available to Plaintiffs Morales and Carpio since "[p]laintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction."  Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998).  Therefore, after severing Plaintiffs Morales and Carpio, the Court must dismiss their claims for lack of subject matter jurisdiction.

ENTER:

DATE:	January 10, 2008	_____/s/_____
	Honorable Raymond L. Finch
	District Judge

---

[1] Rule 21 provides:
Misjoinder and Nonjoinder of Parties.
   Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.