FOR PUBLICATION – PRECEDENTIAL

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIQUEZ, JAMIE GARCIA and PEDRO CARPIO, | ) ) ) ) ) | |
| Plaintiffs | ) | CIVIL NO. 02-0169 |
| v. | ) ) | |
| HOVENSA, L.L.C., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Finch, J.

THIS MATTER comes before the Court on Plaintiffs' Motions for Leave Pursuant to Rule 6(d) to File Sworn Testimony of Dimetrio Felix Ortiz, Sr., Rene Vargas, and Charles Weaver in Further Support of Plaintiffs' Opposition to Motion for Summary Judgment.  Hovensa objects to the filing of these Affidavits on the basis that they are untimely.

Local Rule of Civil Procedure 56.1(b) provides that "[a]ny party adverse to a motion filed under this [summary judgment motions] rule may file an opposition, brief, affidavits and other supporting documents within twenty (20) days of the filing of the motion."  The Court construes LRCi 56.1(b) as meaning that any affidavits are to accompany the non-moving party's opposition.

Plaintiffs contend that Rule 56(c) and Rule 6(d) of the Federal Rules of Civil Procedure mandate that the Court accept any opposing affidavit up until, and including, the day prior to the hearing on the motion for summary judgment.  The Court disagrees with this interpretation.

"F.R.C.P. 56(c) does not unconditionally require a district court to accept affidavits up to the date set for hearing on the motion for summary judgment. Rather, the rule allows district courts to adopt procedures pursuant to which the non-moving party may oppose a motion prior to a hearing date." Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995). LRCi 56.1(b) "in no way eliminates this opportunity; instead it places a condition on that right." Id.

This does not mean that the Court cannot accept the late-filed Affidavit. "[T]he court, for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." F.R.C.P. 6(b). Factors for assessing when a late filing may constitute "excusable neglect" include "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id.

    A.    Excusable Neglect – Ortiz Affidavit

Hovensa does not claim that it will suffer prejudice by the late filing of the Affidavit of Dimetrio Felix Ortiz, Sr. Plaintiffs moved to filed the Affidavit just less than a month after serving their opposition and before Hovensa filed its Memorandum Reply in Support of Motion for Summary Judgment. Thus, Hovensa had an opportunity to respond to it in its reply. Plaintiffs's reason for delay is that Plaintiffs' counsel only was able to reach Ortiz, Sr. when his

son sought representation from Plaintiffs' counsel. There is no evidence that Plaintiffs have acted in bad faith with regard to filing this Affidavit.

In sum, Plaintiffs have filed a proper motion for leave to file the Ortiz Affidavit and have shown excusable neglect. Therefore, the Court will allow its filing pursuant to F.R.C.P. 6(b).

B.  Excusable Neglect – Vargas Affidavit

Plaintiffs did not move to file the Affidavit of Rene Vargas until August 8, 2007, after Hovensa had filed its reply brief. Rene Vargas is a Plaintiff in this matter, and therefore, available. Vargas avers that he saw two people in Hovensa uniforms dumping a water cooler. Plaintiffs knew that Vargas had seen water being disposed of because he so stated in his response to Hovensa's interrogatories. Plaintiffs could have obtained further details from Vargas at any time.

Plaintiffs assert that they are submitting Vargas' Affidavit now, to rebut Hovensa's denials in its Motion for Summary Judgment and Reply that it had anything to do with discarding the contaminated water. In Hovensa's Memorandum of Law in Support of Motion for Summary Judgment, at 20, Hovensa states: "First, HOVENSA did not throw out the water in the canisters, Bechtel did." Since Hovensa raised this defense in its initial motion, Plaintiffs had an opportunity to present evidence in response, such as Vargas' Affidavit, together with their opposition brief.

After considering all of these relevant circumstances, the Court finds that it would be inequitable to allow the untimely filing of the Vargas Affidavit. Plaintiffs have not shown excusable neglect.

      C.      Excusable Neglect – Weaver Affidavit

The circumstances surrounding the Weaver Affidavit are much the same as those surrounding the Vargas Affidavit with the exception that Weaver is not a plaintiff in this matter. According to Hovensa, however, Plaintiffs were aware of Weaver's possible knowledge since, over a year before his statement was obtained, a Bechtel Project Safety Manager identified Weaver as the person directed to collect and dispose of the water. In Plaintiffs' Reply to Defendant's Opposition to Motion for Leave Pursuant to Rule 6(d) to File Sworn Testimony in Further Support of Plaintiffs' Opposition to Motion for Summary Judgment, Plaintiffs do not refute Hovensa's representation that Plaintiffs could have obtained and filed Weaver's Affidavit with their opposition brief. Such a timely filing would have given Hovensa an adequate opportunity to respond to the Weaver Affidavit in its reply brief.

The equities also weigh against allowing the late filing of the Weaver Affidavit. As with the Vargas Affidavit, Plaintiffs have failed to show excusable neglect.

For the foregoing reasons, Plaintiffs' Motion for Leave Pursuant to Rule 6(d) to File Sworn Testimony of Dimetrio Felix Ortiz is granted and Plaintiffs' Motions for Leave Pursuant to Rule 6(d) to File Sworn Testimony of Sr., Rene Vargas, and Charles Weaver are denied.

                                                      ENTER

DATE:      January 11, 2008                  _____/s/_____
                                                      Honorable Raymond L. Finch
                                                      District Judge