# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIQUEZ, JAMIE GARCIA and PEDRO CARPIO, | ) ) ) ) ) | |
| Plaintiffs | ) | CIVIL NO. 02-0169 |
| v. | ) ) | |
| HOVENSA, L.L.C., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Finch, J.

THIS MATTER comes before the Court on Plaintiffs' Appeal of and Objection to Magistrate's Order of August 10, 2007. The Magistrate's Order of August 10, 2007 struck Plaintiffs' Motion for Sanctions for Failure to Properly Appear for Deposition.

The Magistrate Judge rested his decision on Local Rule of Civil Procedure 37.1 which then required that, "[p]rior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for parties shall confer in good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRci. 37.1 (eff. 1/1/06). Plaintiffs did not adhere to this provision or to Rule 37.2 which, at the time of the deposition, mandated that counsel enter into a joint written stipulation. LRci. 37.2 (eff. 1/1/06).

Plaintiffs contend that the Federal Rules of Civil Procedure do not require that the parties meet and confer before filing a motion for sanctions for failure to properly appear for a 30(b)(6) deposition. They also argue that the Local Rules of Civil Procedure should not be interpreted in a manner more restrictive than the Federal Rules of Civil Procedure.

In <u>Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.</u>, 228 F.3d 275, 302 (3d Cir. 2000), the Third Circuit interpreted Rule 37(d). The Third Circuit held that Rule 37(d) does not require the court to issue an order compelling discovery before issuing sanctions. It also reasoned that Rule 37(d) does not require that the party seeking sanctions for the failure of a 30(b)(6) witness to appear certify that they conferred or attempted to confer in good faith, as would be required for failures related to written discovery and requests for inspection. <u>Id.</u> Finally, the Third Circuit determined that "producing an unprepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear" and is sanctionable under Rule 37(d). <u>Id.</u> at 304 (quotation omitted). Thus, according to the Third Circuit's analysis in <u>Black Horse Lane Assoc.</u>, under the Federal Rules of Civil Procedure, the Magistrate Judge had the authority to consider Plaintiffs' motion for sanctions.

Rules 37.1 and 37.2 of the Local Rules of Civil Procedure are inapplicable to a motion for sanctions brought pursuant to Rule 37(d) of the Federal Rules of Civil Procedure because a Rule 37(d) is not "a motion related to discovery." <u>See</u> <u>Fulmore v. Home Depot, USA, Inc.</u>, 423 F. Supp.2d 861, 871-72 (S.D. Ind. 2006); <u>1st Source Bank v. First Resource Federal Credit Union</u>, 167 F.R.D 61, 64 & n.1 (N.D. Ind. 1996). But <u>Passa v. City of Columbus</u>, 2006 WL 1071866, *2 (S.D. Ohio, Apr. 21, 2006) (finding similar local rule 37.1 applicable to 37(d) motion for deposition-related sanctions). A Rule 37(d) motion seeks sanctions for failure to participate in the discovery process, in contrast to a motion to compel further discovery, to which Rules 37.1 and 37.2 undebatably apply. Thus, Rule 37.1 in no way impedes Plaintiffs from invoking their rights under Rule 37(d) of the Federal Rules of Civil Procedure. <u>See</u> <u>Fulmore</u>, 423 F. Supp.2d at 872.

For the foregoing reasons, the Court reverses the Order Striking Plaintiffs' Motion for Sanctions Against Defendant for Failure to Properly Appear for Deposition and remands for consideration of the merits of Plaintiffs' Motion for Sanctions Against Defendant for Failure to Properly Appear for Deposition.

ENTER:

DATE:     February 15, 2008              _____/s/_____
                                          Honorable Raymond L. Finch
                                          District Judge