**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JUAN MENDEZ, RENE VARGAS, FRANK REYNALDO RODRIGUEZ, and JAIME GARCIA,<br><br>     **Plaintiffs,**<br><br> v.<br><br>HOVENSA, L.L.C.,<br><br>     **Defendant.** | 2002-CV-0169 |

TO: Lee J. Rohn, Esq.
   Onik'a Gilliam, Esq.

### ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO PROPERLY APPEAR FOR DEPOSITION

THIS MATTER is before the Court for consideration upon remand from the District Judge. Originally, the undersigned struck Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition (Docket No. 236) for failure to comply with Local Rule of Civil Procedure 37 (Docket No. 270). Plaintiffs appealed, and the District Judge reversed said order and remanded for a ruling upon the merits (Docket No. 358).

Although not forthrightly stated within said motion, Plaintiffs' said motion ostensibly seeks sanctions pursuant to Fed. R. Civ. P. 37, as Plaintiffs state, "If the

corporation provides witnesses who cannot answer questions listed in the notice of the deposition, then the corporation . . . is subject to the same sanctions as those allowed for the failure to appear at a deposition . . . . Thus, the sanctions are the same as allowed under Rule 37 defendant [sic]." Motion at 2 (citations omitted).[1]

Plaintiffs contend that because Defendant's 30(b)(6) designees were unable to provide what they consider adequate responses to certain specific questions that the deponents were unprepared to the point of amounting to non-appearance. *See, e.g., Black Horse Lane Ass'n, L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 303 (3d Cir. 2000) ( and the cases cited therein). Defendant counters that it produced three individuals who testified extensively as to subjects within their scope of knowledge for a total of over five hours.

Plaintiffs attached copies of the transcripts of Richard Gauthe's and Llewellyn Reed's depositions to their said motion.[2] A review of those transcripts reveal cooperative deponents who responded with knowledge of the general area of inquiry. As Defendant explains, many of Plaintiffs' allegations of unpreparedness stem from the fact that the

---

[1] Fed. R. Civ. P. 37(d) provides for sanctions due to "failure of party to attend at own deposition . . . ."

[2] No copy of the transcript of the deposition of Richard Layton was provided. Consequently, the Court was unable to review the testimony and make a determination regarding whether Plaintiffs' allegations were supported thereby.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Regarding Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition
Page 3

information sought is either not within the control of Defendant or non-existent, i.e., questions for which there is no answer. Opposition at 5.

Having thus considered the matter, the Court finds that while Defendant may have been unable to testify fully on every single topic set forth in Plaintiffs' 30(b)(6) notice, such failure was not tantamount to a failure to appear. In addition, Plaintiffs have not shown either bad faith or an intent to obstruct discovery on the part of Defendant. *Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, No. Civ. A. 98-2365, 2000 WL 1920039 (E.D. Pa. December 1, 2000) (citing *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995)). Thus, the Court finds that sanctions are not warranted.

Accordingly, it is hereby **ORDERED** Plaintiffs' Motion For Sanctions Against Defendant For Failure to Properly Appear For Deposition (Docket No. 236) is **DENIED**.

ENTER:

Dated: March 4, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE