**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JUAN MENDEZ, RENE VARGAS, FRANK REYNALDO RODRIGUEZ, and JAIME GARCIA,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>HOVENSA, L.L.C.,<br><br>　　　　　Defendant. | 2002-CV-0169 |

TO:　Lee J. Rohn, Esq.
　　　Onik'a Gilliam, Esq.

### ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO RECONSIDER

THIS MATTER is before the Court for consideration upon Plaintiffs' Emergency Motion to Reconsider Order Granting Protective Order (Docket No. 379). Defendant filed an opposition to said motion, and Plaintiffs filed a reply thereto. A hearing was held March 18, 2008.

Pursuant to Local Rule of Civil Procedure 7.4, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.4. It is widely recognized that the "'purpose

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Plaintiffs' Emergency Motion to Reconsider
Page 2

of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties and hearing oral arguments of counsel, nothing persuades the Court that its previous order requires modification or reversal.

Plaintiffs seeks reconsideration of this Court's Order Granting Defendant's Motion For Protective Order (Docket No. 372), stating that Defendant made false representations in its motion that Plaintiffs were denied an opportunity to address.

While Plaintiffs are correct in asserting that trial depositions are allowed, Plaintiffs fail to recognize that the primary basis for the Court's order is the lack of reasonable notice given to Defendant of the proposed deposition.[1] Defendant claims that on March 12, 2008, it received the notice of deposition for Javier Concepcion scheduled for March 13, 2008, at 3:00 p.m.

Rule 32 of the Federal Rules of Civil Procedure allows the use of depositions at trial "against any party who was present or represented at the taking of the deposition or who had *reasonable notice* thereof . . . ." Fed. R. Civ. P. 32(a) (emphasis added). In addition, the

---

[1] Counsel for Defendant noted at hearing that Plaintiffs seek reconsideration of the Court's order with regard to the deposition of Javier Concepcion. Plaintiffs did not dispute this argument. Consequently, the Court will treat Plaintiffs' motion as relating only to the deposition of Javier Concepcion.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Plaintiffs' Emergency Motion to Reconsider
Page 3

Rule prohibits the use of a deposition "against a party who, having received less than 11 days' notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order . . . ." Fed. R. Civ. P. 32(a)(3). Thus, even if Plaintiffs had been allowed to proceed with the deposition of Javier Concepcion as noticed, Plaintiffs would not have been able to use such deposition at trial.

Based upon the foregoing, the Court finds that it did not commit manifest error of law or fact. The Court also finds that reconsideration is not necessary to avoid manifest injustice to Plaintiffs. At hearing, Defendant stated its willingness to meet and confer regarding a mutually acceptable date, time, and location for the taking of the deposition of Javier Concepcion.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Emergency Motion to Reconsider Order Granting Protective Order (Docket No. 379) is **DENIED**.

ENTER:

Dated: March 18, 2008                              /s/
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE