**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JUAN MENDEZ, RENE VARGAS, FRANK REYNALDO RODRIGUEZ, and JAIME GARCIA,<br><br>　　　　　**Plaintiffs,**<br>　v.<br><br>HOVENSA, L.L.C.,<br><br>　　　　　**Defendant.** | 2002-CV-0169 |

TO:　Lee J. Rohn, Esq.
　　　Onik'a Gilliam, Esq.

### ORDER DENYING DEFENDANT'S MOTION TO QUASH

THIS MATTER is before the Court for consideration upon Defendant HOVENSA, L.L.C.'s Motion to Quash (Docket No. 378). Plaintiffs filed an opposition to said motion. A hearing was held March 18, 2008.

Defendant's motion seeks to quash a subpoena issued by Plaintiffs to the Virgin Islands Department of Licensing and Consumer Affairs requesting documents concerning Jim Warren. Despite counsel for Defendant's vigorous argument that Fed. R. Civ. P. 45(c)(3)(A) is silent regarding who may move to quash, courts have consistently held that, "[o]rdinarily, only the non-parties whom were served with the subpoenas may move to

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Defendant's Motion to Quash
Page 2

have them quashed under Federal Rule of Civil Procedure 45(c)(3)(A)." *Davis v. General Accident Ins. Co. of America*, No. Civ. A. 98-4736, 1999 WL 228944 at *2 (E.D. Pa. April 15, 1999) (citations omitted). *See, also, e.g., Doe v. United States*, Civil Action No. 06-95 Erie, 2007 WL 1521550 at *4 (W.D. Pa. May 23, 2007) (where the court states, "Ordinarily a **party** lacks standing to seek to quash a subpoena issued to a **non-party** unless the party claims a right or privilege with regard to the documents sought" (emphasis in original) (citations omitted)). An exception does exist, "however, where a party 'claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Davis*, 1999 WL 228944 at *2 (quoting *Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970)).

In the matter at bar, Defendant has not asserted any personal right or privilege with respect to documents concerning Jim Warren. Consequently, the Court finds that Defendant lacks standing to move to quash the subpoena issued to the Virgin Islands Department of Licensing and Consumer Affairs, a non-party.

Accordingly, it is hereby **ORDERED** that Defendant HOVENSA, L.L.C.'s Motion to Quash (Docket No. 378) is **DENIED**.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Defendant's Motion to Quash
Page 3

                                                ENTER:

Dated: March 18, 2008                              /s/
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE