DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| JUAN MENDEZ, JUAN MORALES, RENE VARGAS, FRANK ORTIZ, REYNALDO RODRIGUEZ, JAIME GARCIA, and PEDRO CARPIO,<br><br>                Plaintiffs,<br>  v.<br><br>HOVENSA, L.L.C.,<br><br>                Defendant. | 2002-CV-0169 |

TO:   Lee J. Rohn, Esq.
        Onik'a Gilliam, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

THIS MATTER came before the Court upon Plaintiffs' Motion to Disqualify (Docket No. 437). Defendant filed an opposition to said motion, and Plaintiffs filed a reply thereto.

Plaintiff moves for the disqualification of one of Defendant's counsel, namely, James Warren. Plaintiffs' assert that Attorney Warren is not licensed to practice law in the Virgin Islands. Plaintiffs base this position upon their interpretation of the holding in *Smith v. Magras* 124 F.3d 457 (3d Cir. 1997) that upheld the enforcement of the Virgin Islands licensing fee against individual attorneys.

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Plaintiffs' Motion to Disqualify
Page 2

## DISCUSSION

It is well established that

> [a] motion to disqualify a party's counsel requires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *McKenzie Constr. v. St. Croix Storage Corp.,* 961 F. Supp. 857, 859 (D. Vi. 1997). "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Id*. (citing *Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

Plaintiffs argue that because Attorney Warren has not obtained a business license from the Virgin Islands Department of Licensing and Consumer Affairs he is not authorized to practice law in the Virgin Islands or before this Court. Defendants counter that Plaintiffs have no standing to enforce a violation of V.I. Code Ann. tit. 27 § 301(a). Defendants further maintain that said licensing statute applies only to those engaged in any business, occupation, profession or trade in the Virgin Islands and that Attorney Warren is not so engaged.

Having reviewed the written submissions of the parties, the Court finds that Plaintiffs do not have standing to allege or enforce a violation of V.I. Code Ann. tit. 27 § 301(a). The statute at issue does not provide a private right of action. As stated in

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Plaintiffs' Motion to Disqualify
Page 3

subparagraph c of Section 307, enforcement of the statute is left to the Commissioner and the Attorney General. V.I. Code Ann. tit. 27 § 307(c).[1]

In addition, the Court finds that *Smith v. Magras*, 124 F.3d 457 (3d Cir. 1997), does not hold that attorneys who are properly admitted to the Virgin Islands bar but who do not obtain Virgin Islands business licenses from the Department of Licensing and Consumer

---

[1] Section 307 provides:

(a) Whoever willfully fails or refuses to comply with the provisions of this chapter shall be guilty of a misdemeanor and shall be liable to a fine not to exceed $500 and imprisonment not to exceed 30 days or both.

(b) The pertinent provisions of chapter 75, Title 14 of this Code shall apply to every application, statement, document, and to all information presented to the Commissioner in an application or at a hearing under this chapter.

(c) The Commissioner may refuse to issue any license until the license fee has been paid. The Attorney General may institute an action in any court of competent jurisdiction to enjoin any person or association from engaging without a license in any of the businesses, occupations, professions, or trades subject to the provisions of this chapter.

(d) In addition to the penalties prescribed in this section, an administrative fine of not more than 10% per month of the license fee may be assessed by the Commissioner against persons who have willfully failed or refused to comply with the provisions of this chapter, in the determination of the Commissioner, and the amount of such fine as finally determined by the Commissioner shall be paid by the applicant for a license who has commenced business operations without first obtaining a license therefor or an applicant for the renewal of a license who has not applied and paid for the same before the 31st day of January.

(e) In lieu of the penalties under subsection (a) of this section, any entity who willfully fails or refuses to comply with section 303b of this chapter shall be guilty of a misdemeanor and shall be fined not less than $500 for the first offense, and $1,000 for each offense thereafter.

V.I. CODE ANN. tit. 27 § 307 (1995).

*Mendez v. HOVENSA, L.L.C*
2002-CV-0169
Order Denying Plaintiffs' Motion to Disqualify
Page 4

Affairs are unauthorized to practice law in the Virgin Islands. The court in *Smith* found Section 301(a) to be a revenue-generating provision that does not regulate the conduct of attorneys. *Id*. at 461-67. The holding in *Smith* is very narrow and limited to the imposition of fees upon individual attorneys who work as employees of a law firm or professional corporation that employs more than one attorney. This Court does not find *Smith* applicable to the facts of this case.

Plaintiffs do not dispute that Attorney Warren has passed the bar examination and is otherwise properly admitted to the Virgin Islands bar. Because the *Smith* decision cannot be expanded to apply to facts in the present matter, the Court declines to find that Attorney Warren is unauthorized to practice law in the Virgin Islands in the absence of a business license.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion to Disqualify (Docket No. 437) is **DENIED**.

ENTER:

Dated: May 16, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE