# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **JUAN MENDEZ,** *et al* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HOVENSA, LLC** | : | **NO. 2002/169** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                             **October 21, 2009**

The defendant Hovensa, LLC has filed an emergency petition for a writ of mandamus with the United States Court of Appeals for the Third Circuit. *In re Hovensa, LLC,* No. 09-3878. This Memorandum Opinion explains in more detail the reason for denying Hovensa's motion and supplemental motion for continuance. See Docket Nos. 633 and 635. It also serves as a response to Hovensa's petition filed in the Third Circuit.

The decision to deny the request for a trial continuance was not made lightly. It was made after thoughtful consideration of all the factors and the interests implicated. To reiterate what was said in the Order denying the Supplemental Motion for Continuance, "Although the court attempts to accommodate counsel's schedules, it must manage litigation in a fair and efficient manner, keeping in mind the entire court system, congestion of the docket, the interest of all litigants, attorneys and court personnel, and judicial commitments." Docket No. 636.

There are 410 pending civil cases in the St. Croix Division of the District Court of the Virgin Islands. Of these pending cases, there are 169 cases older than three years and 65 cases older than five years.

District Judge Raymond Finch, the only district judge assigned to St. Croix, is on recall status, having retired. No district judge has been appointed to fill Judge Finch's

vacancy.

To alleviate the backlog of civil cases, several active and senior district judges in the Third Circuit have been designated to preside in the District of the Virgin Islands. Those judges accept Virgin Islands' assignments without a diminution of their own court caseloads. Thus, the designated judges must coordinate the schedules in both their home districts and the District of the Virgin Islands.

The *Mendez* case is not complex. The four remaining plaintiffs claim that while working for an independent contractor at Hovensa's plant, they were sickened by tainted drinking water. Their alleged injuries were short-term and their medical treatment was limited. Consequently, there are no complicated issues relating to liability or damages.

Counsel were notified of the trial date more than two months ago. This is more than sufficient time to prepare this simple case for the November 9, 2009 trial date. More importantly, there is still at least one of the four attorneys of record who is available to try the case. Yet, Hovensa insists that counsel, whose office is in Mississippi and has a scheduling conflict, remain as trial counsel.

Hovensa attempts to bolster its position by citing plaintiffs' counsel's conflicting trial assignments. In joining Hovensa's initial motion to continue the trial, plaintiffs' counsel cited two civil cases in which she is counsel that had already been scheduled to commence trial on November 9, 2009. Both Judge Finch and Judge Davis, the assigned judges in those cases, confirmed that trial will not start in either case on that date. Therefore, contrary to Hovensa's impression, plaintiffs' counsel has no conflict with the *Mendez* trial.

Hovensa's counsel represents that the numerous prior continuances of the trial were "due to factors independent of Hovensa." He then cites as an example a continuance "by

the District Court on June 17, 2008."  In fact, that continuance was granted as a result of Hovensa's motion to continue the trial (Document No. 463) based upon the unavailability of the same attorney who is requesting this continuance.

Under the circumstances of this seven-year-old case and the absence of any real prejudice to Hovensa, the motion to continue the trial was denied.

                                                              s/Timothy J. Savage
                                                              TIMOTHY J. SAVAGE,  J.